Filed 7/21/25  P. v. Wang CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B335682 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA108631 |
| WENGENG WANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In September 2020, six months into the COVID-19 pandemic, defendant and appellant Wengeng Wang repeatedly punched and kicked 57-year-old victim Qingmin Jin in the face in front of the victim's home. A jury convicted Wang of felony assault by means likely to cause great bodily injury. (Pen. Code,[1] § 245, subd. (a)(4).) At Wang's sentencing hearing, the trial court denied his motion to reduce the offense to a misdemeanor under section 17, subdivision (b). In denying the motion, the trial court noted that Wang repeatedly punched and kicked Jin in the face while he was defenseless on the ground, engaging in violent conduct that was very dangerous and potentially life-threatening. The trial court suspended imposition of sentence, placed Wang on two years formal probation, and ordered him to serve 365 days in county jail as a condition of probation. On appeal, Wang argues that the trial court's decision not to reduce the assault to a misdemeanor was an abuse of discretion. We reject this contention and conclude, given the seriousness of the assault, that the trial court's ruling was a reasonable exercise of its sentencing discretion.

## FACTUAL BACKGROUND

### Prosecution case

On September 21, 2020, Qingmin Jin was 57 years old and lived with his adult son in a quiet residential neighborhood in Alhambra. At around 8:00 a.m. that day, a group of about seven or eight protestors, including Wang, gathered in front of Jin's

---

[1] All undesignated statutory references are to the Penal Code.

home.[2]  The protesters began shouting curses at Jin, using derogatory language, and accusing him of being "a running dog of the communist party."  Jin did not know who the protesters were or why they were shouting at him.  The protesters, including Wang, were all wearing masks.[3]

Between 8:20 and 8:30 a.m., Jin left the house to take his son to a doctor's appointment.[4]  The protesters continued to shout and curse at him.  Jin was afraid because the people seemed very angry.  When Jin returned from the doctor's appointment around 1:00 or 2:00 p.m., the same protesters, including Wang, were outside his house.  Jin parked in front of his house and got ready to retrieve a wheelchair for his son so they could go inside.  As Jin got out of his car, a man shoved a toilet plunger in his direction and yelled obscenities at him.  Jin attempted to talk to the man holding the toilet plunger, and at one point he told the man to hit him.

Wang approached Jin as Jin spoke with the other man.  Wang said to Jin, "[c]ome on, come on. Aren't you going to take off my mask?"  Jin replied: "So what if I take off your mask?"  Jin grabbed Wang's mask and tried to pull it off, but it snapped back into place.  Wang then punched and kicked Jin repeatedly in the face, including numerous times while Jin was on the ground defenseless.

---

[2]    The reasons for the protest were not explicitly discussed during trial, but the evidence adduced suggested that the protest may have related in part to disagreements surrounding masking requirements during the COVID-19 pandemic.

[3]    Wang testified that he was wearing a mask to comply with COVID-19 government regulations.

[4]    Jin's son was seeing a doctor because he had a broken leg.

After the beating, Jin was dizzy, in a lot of pain, and had difficulty standing up, but his first thought was that he still needed to help his son. Once he helped his son into the house, Jin collapsed in pain.

As a result of the assault, Jin lost three teeth, and his front tooth was still loose at the time of trial. Jin also hurt his knee and had pain throughout his body. He experienced blurry vision that lasted several months, as well as bruising on his face, chest, and upper torso. He also sustained injuries to his hands when he used them to cover his head as Wang attacked him.

**Defense case**

Wang testified in his defense. As mentioned above, Wang testified that during the protest, he was wearing a mask to comply with government regulations surrounding the COVID-19 pandemic. When Jin returned home and stood face to face with the man holding the toilet plunger, Jin was not wearing a mask. When Jin tried to remove Wang's mask, Wang became angry and felt his life was threatened because of the COVID-19 pandemic. In response to feeling his life was threatened, Wang punched and kicked Jin in the face multiple times, including while Jin was on the ground.

## DISCUSSION

Although the Legislature has classified most crimes as either a felony or a misdemeanor, some crimes, known as "wobblers," are chargeable or, in the discretion of the court, punishable as either a felony or a misdemeanor. (*People v. Park* (2013) 56 Cal.4th 782, 789.) The reason certain crimes are wobblers is because those crimes involve conduct that varies widely in its level of seriousness. (*Ibid.*) It is within the trial

4

court's discretion to treat a wobbler as a felony or a misdemeanor for sentencing purposes depending on the circumstances. (§ 17, subd. (b)(3); *People v. Lee* (2017) 16 Cal.App.5th 861, 866.) Factors relevant to the trial court's exercise of this discretion include " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978 (*Alvarez*).) On appeal, we will not disturb the trial court's exercise of this discretion unless the court's ruling was clearly irrational or arbitrary. (*Id.* at p. 977.)

Applying this deferential standard, we conclude the trial court acted reasonably within its sentencing discretion by not reducing Wang's assault to a misdemeanor. The trial court explained, among other things, that the serious nature of the assault weighed in favor of its ruling:

> [T]his is really high risk, dangerous, and violent conduct [ ]. [ ] [Wang] clearly completely lost control. [ ] [I]t's the kind of conduct that could very well result in a traumatic brain injury [ ]. Kicking somebody in the head, kicking them in the face while they're defenseless on the ground is really dangerous, violent, and potentially life-threatening conduct. [¶] We've all seen cases with the punch or the kick where a person goes down and then they suffer subdural hematoma and it leads to potentially life-threatening consequences. [¶] So this is really serious conduct, and we certainly have to get a message through to [ ] Wang.

The court thus properly analyzed the nature and circumstances of the offense (*Alvarez, supra*, 14 Cal.4th at p.

978), and based on the seriousness of the assault, reasonably concluded that Wang's conviction should not be reduced to a misdemeanor. The trial court's ruling was not an abuse of discretion. Given that Wang seriously assaulted the 57-year-old victim, repeatedly punching and kicking him in the face while he was defenseless on the ground, resulting in the victim sustaining severe injuries, including losing his teeth and having his vision impaired for months, we cannot conclude that the trial court's ruling was arbitrary or irrational. (*Id*. at p. 977.)

Wang argues that the trial court abused its discretion by ignoring mitigating circumstances such as Wang's lack of criminal history, his potential for rehabilitation, the fact that the assault happened during the heightened tensions of a global pandemic, and that Jin provoked Wang by grabbing his mask. Wang further argues, in light of these mitigating circumstances, that he does not present an ongoing danger to society warranting felony punishment, and consequently, the trial court abused its discretion by not reducing his conviction to a misdemeanor. We are unpersuaded. The record does not reflect that the trial court was unaware of or improperly disregarded any relevant mitigating factors. Rather, a review of the trial court's ruling reveals that the court properly analyzed the particular circumstances of the case, including various mitigating factors, and made a reasoned decision to deny Wang's motion based on the severity of the assault.[5]

---

[5] As discussed in the following paragraph, the trial court explicitly mentioned several mitigating factors when sentencing Wang, including that Wang had no criminal history, made charitable donations, and that the assault seemed to be a "one off incident of aberrant behavior."

We lastly reject Wang's contention that the trial court's refusal to reduce his offense to a misdemeanor contravened the Legislature's intent, set forth in section 17.2, to consider alternatives to incarceration and prioritize rehabilitative and restorative justice.  (See § 17.2, subd. (b) ["The court presiding over a criminal matter shall consider alternatives to incarceration, including, without limitation, collaborative justice court programs, diversion, restorative justice, and probation"].)  As discussed above, the trial court properly exercised its sentencing discretion in deeming Wang's conviction a felony.  The court then placed Wang on probation, one of the alternatives to incarceration explicitly contemplated in section 17.2, subdivision (b).  In discussing its reasons for placing Wang on probation, the court explained that Wang had no criminal history, had made charitable donations, and the assault seemed to be a "one off incident of aberrant behavior."  In other words, the sentence the trial court imposed, which included probation based on mitigating circumstances, complied with the principles stated in section 17.2.

In sum, the trial court properly exercised its sentencing discretion in denying Wang's section 17, subdivision (b) motion to deem the assault a misdemeanor.[6]

---

[6] For the same reasons we reject Wang's argument that the trial court's denial of his section 17, subdivision (b) motion was an abuse of discretion, we likewise reject his related contention that the court's ruling violated his constitutional right to due process by arbitrarily depriving him of his liberty.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                  TAMZARIAN, J.

We concur:




COLLINS, Acting P.J.




MORI, J.